UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY LEE JOHNSON,

                Petitioner,                             Case Number 11-12346
                                                         Honorable Thomas L. Ludington

v.

WILLIE SMITH,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Larry Lee Johnson, presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on his nolo contendere plea in the Oakland County Circuit Court of second-degree home invasion, Mich. Comp. Laws § 750.110a(3); and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Petitioner was sentenced to nine-to-thirty years in prison. Petitioner contends that the prosecutor acted vindictively in waiting until 2005 to charge Petitioner with this crime, when this crime was committed close in time to another home invasion charge that Petitioner was convicted of in 2003, and that trial court judge violated Petitioner's rights against Double Jeopardy by not granting Petitioner sentencing credit. Petitioner's first claim is unpersuasive. His second claim does not state a cognizable basis for habeas relief. Accordingly, the petition will be denied.

**I**

Based on an incident that occurred in Waterford Township, Michigan, on September 26, 2002, Petitioner was charged in the Oakland County Circuit Court with one count of home

invasion.  Petitioner pled guilty to that offense and to being a second felony habitual offender on April 11, 2003.  On July 11, 2003, Petitioner was sentenced to nine-to-thirty years in prison. Petitioner was also ordered to provide a sample of his DNA for record keeping and testing.

Petitioner's DNA sample was sent to the Michigan State Police Crime Laboratory in 2003.  Testing on Petitioner's DNA was performed in 2004.  The results indicated that Petitioner's DNA matched a DNA sample recovered from blood discovered on the window blinds of a home that had been broken into in Pontiac, Michigan, on July 12, 2002.  After receiving the results of this test, the Oakland County Prosecutor charged Petitioner with second-degree home invasion and being a fourth felony habitual offender in February of 2005.

Petitioner entered a nolo contendere plea to this charge in the Oakland County Circuit Court on October 24, 2005.  On November 18, 2005, the trial court sentenced Petitioner to twelve-to-thirty years in prison, with no credit for previous time served.  The judge ordered the sentence to be served concurrently to Petitioner's 2003 home invasion case, but consecutive to the two prior sentences that Petitioner was on parole for.

Petitioner's conviction was affirmed on appeal.  *People v. Johnson*, No. 270356 (Mich. Ct. App. June 15, 2006); *lv. den.* 477 Mich. 954; 723 N.W. 2d 902 (2006).  Petitioner then filed a post-conviction motion for relief from judgment, which the trial judge denied.  *People v. Johnson*, No. 2005-202065-FH (Oakland Cnty. Cir. Ct., Mar. 26, 2008).  The Michigan Court of Appeals denied Petitioner leave to appeal.  *People v. Johnson*, No. 288828 (Mich. Ct. App. Apr. 2, 2009).  After Petitioner filed an application for leave to appeal to the Michigan Supreme Court, that court remanded the case to the circuit court for resentencing, finding that one of the offense variables of the Michigan Sentencing Guidelines had been incorrectly scored.  *See People v. Johnson*, 485 Mich. 932; 773 N.W. 2d 729 (2009).

On December 18, 2009, Petitioner was re-sentenced to nine-to-thirty years in prison. Petitioner again appealed. Again, the Michigan Court of Appeals affirmed the conviction and sentence. *People v. Johnson*, No. 297949 (Mich. Ct. App. June 10, 2010); *lv. den.* 488 Mich. 915; 789 N.W. 2d 460 (2010).

Petitioner now seeks a writ of habeas corpus from this Court on two grounds. First, Petitioner contends, the prosecutor acted vindictively in waiting until 2005 to charge Petitioner with the additional count of second degree home invasion. Second, Petitioner contends, his protection against double jeopardy was violated when he was not granted a proper credit against his sentence for time served.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21(2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.

1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

To be "contrary to" clearly established precedent, the Supreme Court explains, the state court decision must have "court applie[d] a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405-06.

A state court decision involves an "unreasonable application" of clearly established precedent, the Court explains, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court cautions, however, that an unreasonable application of federal law is different from an incorrect application of federal law. Unanimously emphasizing the limited nature of this review in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the Court reiterated that AEDPA imposes a highly deferential standard for evaluating state-court rulings, writing: "A state court's determination that a [petitioner's] claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III

### A

Petitioner first alleges that the prosecutor acted vindictively. It is "patently unconstitutional" for a prosecutor to pursue a course of action with the goal of penalizing a criminal defendant's reliance on his protected statutory or constitutional rights. *United States v.*

*Goodwin*, 457 U.S. 368, 372 n.4 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). "A prosecutor vindictively prosecutes a person when he or she acts to deter the exercise of a protected right by the person prosecuted." *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991). Therefore, "a criminal prosecution which would not have been initiated but for vindictiveness is constitutionally prohibited." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001) (citing *United States v. Adams*, 870 F. 2d 1140, 1145 (6th Cir.1989)).

A criminal defendant may establish prosecutorial vindictiveness through one of two ways. First, a defendant may demonstrate "actual vindictiveness" by demonstrating "through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan*, 249 F. 3d at 481 (citing *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). This type of showing, however, is "exceedingly difficult to make." *Id.* (quoting *Meyer*, 810 F.2d at 1245).

Second, a defendant may show a "realistic likelihood of vindictiveness" motivated the prosecutor's action. *Bragan*, 249 F. 3d at 481(quoting *United States v. Andrews*, 633 F. 2d 449, 453 (6th Cir. 1980)). The defendant must show that (1) the prosecutor had "some stake" in deterring the defendant's exercise of his rights and (2) that the prosecutor's conduct was "unreasonable." *Id.* at 482 (internal quotation marks omitted).

Significantly, however, if a prosecutor can show that additional charges were not filed earlier against a defendant because the charges were based on new evidence, a charge of vindictive prosecution will not lie. *United States v. Suarez*, 263 F. 3d 468, 480 (6th Cir. 2001).

Here, Petitioner does not establish that he was the victim of prosecutorial vindictiveness. The prosecutor charged Petitioner with the home invasion arising out of the July 12, 2002, incident in Pontiac, Michigan, because of new evidence —the charges were brought after he

-5-

received a copy of the DNA results confirming that Petitioner's DNA matched the DNA sample recovered from the scene.  Likewise, Petitioner has not demonstrated that he was targeted by the prosecution for exercising a constitutional right or that the prosecution had a stake in deterring the exercise of that right. Petitioner is not entitled to habeas relief on the ground of prosecutorial vindictiveness.

### B

Petitioner next contends that the trial court judge violated his right against Double Jeopardy by refusing to give Petitioner sentencing credit for the time that he was incarcerated as a result of the 2003 Waterford Township home invasion conviction.

A prisoner has no right under the federal constitution to earn or receive sentencing credits.  *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F. 2d 1059, 1062 (6th Cir. 1992)).  Because Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).  Moreover, Michigan's jail credit statute does not allow defendants to be credited for time served for unrelated offenses.  *See* Mich. Comp. Laws § 769.11b; *People v. Prieskorn*, 424 Mich. 327, 344; 381 N.W.2d 646, 652 (1985); *see also People v. Adkins*, 433 Mich. 732, 751; 449 N.W.2d 400 (1989).  Petitioner is not entitled to habeas relief on this claim.

### IV

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

Dated: February 16, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Larry Johnson, #144319, at Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 by first class U.S. mail on February 16, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS